Stanley W. Parry Esq. (Nev. Bar No. 1417)
Jon T. Pearson, Esq. (Nev. Bar No. 10182)
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada  89106-4617
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
E-mail: parrys@ballardspahr.com
E-mail: pearsonj@ballardspahr.com

Jon Bernhardt, Esq.*
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 292-2400
Facsimile: (303) 296-3956
E-mail: bernhardt@ballardspahr.com

John D. Holden, Esq.*
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Telephone:  (212) 237-1045
Facsimile:  (212) 262-1215
E-Mail: jholden@windelsmarx.com

*Attorneys for Defendant/Counterclaimant
Lehman Brothers Holdings Inc.*

*  Each Will Comply With LR IA 10-2 Within 21-
days

Andrew Gordon, Esq. (Nev. Bar No. 3421)
MCDONALD CARANO WILSON LLP
2300 West Sahara, Suite 1000
Las Vegas, Nevada 89102
Telephone:  (702) 873-4100
Facsimile:  (702) 873-9966
E-mail:  agordon@mcdonaldcarano.com

Michael A. Johnson, Esq.*
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone:  (202) 942-5783
Facsimile:  (202) 942-5999
E-mail:  Michael.Johnson@aporter.com

*Attorneys for Defendant Woodlands
Commercial Bank*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| A/P HOTEL, LLC | Case No.: |
| Plaintiff, | |
| vs. | **JOINT PETITION FOR REMOVAL (DIVERSITY JURISDICTION)** |
| LEHMAN BROTHERS HOLDINGS, INC., a Delaware corporation; WOODLANDS COMMERCIAL BANK, a Utah corporation; and DOES I-X, inclusive, | |
| Defendants. | |

LEHMAN BROTHERS HOLDINGS INC., a
Delaware corporation,

                    Counterclaimant,

v.

A/P HOTEL, L.L.C., a Delaware limited
liability company, DOES I-X; and ROE
COMPANIES XI-XX, inclusive,

                    Counterdefendants.

### JOINT PETITION FOR REMOVAL (DIVERSITY JURISDICTION)

        Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Woodlands Commercial Bank ("Woodlands") and Lehman Brothers Holdings Inc. ("LBHI," and collectively with Woodlands, "Defendants") hereby give notice of the removal of this case to the United States District Court for the District of Nevada from the Eighth Judicial District Court, Clark County, Nevada.  In support of their removal, Defendants state as follows:

### The Parties

        1.      Plaintiff A/P Hotel, LLC ("A/P") is a Delaware limited liability corporation.  A/P's sole owner and member is Atrium Paradise, LLC ("Atrium Paradise"), also a Delaware limited liability corporation.   Atrium Paradise, in turn, is composed of members and owners (1) Atrium Manager, LLC, a Delaware limited liability corporation composed of members Asia Pacific Capital Corporation, a California corporation with its principal place of business at Los Angeles, California, and Hyundai Property Management America, a California corporation with its principal place of business in Los Angeles, California; (2) Kwan Young Kim, an individual citizen of Korea; (3) True Friend, LLC, a Delaware limited liability company composed of members Hyundai Property Management America, a California corporation with its principal place of business in Los Angeles, California, and Korean Investment Trust Management Company, a Korean Corporation with its principal place of business in Korea; and (4) Pacific Real Estate Fund I, a mutual fund organized as a Cayman Islands unit trust managed and owned by its trustee Pacific Investment Management Company ("PIMCO"), a Cayman Islands corporation with its principal place of business in Newport Beach, California.

2.      Defendant Woodlands is a Utah corporation with its principal place of business in Salt Lake City, Utah.

3.      Defendant LBHI is a Delaware corporation with its principal place of business in New York, New York.

4.      For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).  *See also Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 533 (C.D. Cal. 1989); *Cowan v. Cent. Reserve Life of N. Am. Ins. Co.*, 703 F. Supp. 64, 65 (D. Nev. 1989).

**<u>Nature of the Action</u>**

5.      A/P filed the initial Complaint in this action on September 29, 2009 in the Eighth Judicial District Court, Clark County, Nevada ( the "state court"), naming only LBHI as a defendant, and seeking only equitable relief to halt LBHI's non-judicial foreclosure on certain real property — the Atrium Suites Hotel — located in Las Vegas, Nevada ("the property").  *See* Compl. ¶¶ 1-30 & Prayer for Relief (App., Vol I, Ex. 1).  LBHI had disbursed approximately $55,200,000 of a $66,000,000 loan to A/P to enable it to acquire and renovate the property.  *See id.* ¶ 7.  The loan, memorialized in a "Loan Agreement" dated September 5, 2007, Compl. Ex. 1, was secured by a "Deed of Trust" dated September 5, 2007 on the property, Compl. Ex. 2.  A/P sought injunctive relief to halt a non-judicial foreclosure on the property, pursuant to the Loan Agreement and Deed of Trust, that LBHI had indicated it intended to initiate because of A/P's default.  Compl. ¶¶ 16-30; *see also* Compl. Ex. 7 (giving notice of A/P's default).

6.      On October 1, 2009, Plaintiff filed an "Application for Temporary Restraining Order And Motion For Preliminary Injunction Ex Parte [and] Motion to Shorten Time" in the state court.  The parties initially reached a stipulation to stay the foreclosure sale until resolution of Plaintiff's motion for preliminary injunction and, subsequently, the court granted the motion for a preliminary injunction.  *See* Order (App., Vol. I, Ex. 7); Order (App., Vol. III, Ex. 76).

/ / /

7.    On October 30, 2009, LBHI filed its Answer to Complaint and Counterclaim, seeking appointment of a receiver to manage the property.  On December 16, 2009, the state court appointed a receiver.

8.    No foreclosure on the property has taken place.

9.    On April 5, 2010, A/P filed a "Motion For Leave To Amend Complaint."  Mot. Leave Am. Compl., (filed Apr. 5, 2010) (App., Vol. III, Ex. 58).  The state court judge granted the motion in an order that was filed by the clerk of the state court on April 20, 2010.  *See* Order Apr. 20, 2010 (App., Vol. III, Ex. 75).

10.    A/P's "First Amended Complaint" substantially changed the nature of the action. A/P added Woodlands as a defendant.  *See* First Am. Compl. ¶¶ 2-7 (App., Vol. III, Ex. 81).  The First Amended Complaint alleges that Woodlands and LBHI arranged for Woodlands to purchase "certain participation interests in loans and commitments that LBHI made to various borrowers," that Woodlands agreed to acquire "some interests and rights" in A/P's Loan from LBHI, that LBHI acted as an agent for Woodlands, and that "Woodlands . . . is subject to [A/P's] defenses and claims, and claims for the actions of its agent [LBHI]."  *Id.* ¶¶ 25-29.

11.    The First Amended Complaint alleges that LBHI and Woodlands breached the Loan Agreement by failing to extend a $1,321,100.00 disbursement under the agreement, that A/P's own breach of the loan agreement was excused, and that defendants were not entitled to move forward with the foreclosure.  *See id.* ¶¶ 15-21, 32-39.  A/P alleges entitlement to permanent injunctive relief against LBHI and Woodlands.  *See*, *e.g.*, *id.* ¶ 37.

12.    The First Amended Complaint also asserts against Woodlands damages "in excess of $10,000," including damages for delay in completion of the renovation project and loss of value to the property's value based on defendants' failure to advance additional funding, and punitive damages, for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent concealment, and unjust enrichment.  *See id.* ¶¶ 30-66 & Prayer For Relief.  A/P's pro forma allegation of damages "in excess of $10,000" is necessary to invoke the jurisdiction of the

state court, and in no ways suggests that the amount A/P's claims have placed in controversy is anywhere near $10,000.  *See* Nev.R.Civ.P. 8(a) ("Where a claimant seeks damages of more than $10,000, the demand shall be for damages 'in excess of $10,000' without further specification of amount.").

13.    In addition to compensatory damages, A/P's first amended complaint seeks to have Woodlands pay A/P's attorneys fees and costs, and seeks such other relief "that the Court may deem just and proper."  First Am. Compl. Prayer For Relief (App., Vol. III, Ex. 81).

### This Court Has Removal Jurisdiction Based on Diversity of Citizenship

14.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district … embracing the place where such action is pending."

15.    Under 28 U.S.C. § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . (1) citizens of different States [and] . . . (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(1)-(3).  Both the amount-in-controversy requirement and the requirement of "complete diversity" must be met in order for this Court to have jurisdiction.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003).

16.    The amount-in-controversy requirement is easily satisfied here.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the object of the litigation."  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State. Apple. Ad. Comm'n*, 432 U.S. 333, 357 (1977)).  A/P seeks an injunction prohibiting the foreclosure of a sale of property that the First Amended Complaint itself indicates was acquired for approximately $39,800,000.  *See* First Am. Compl. ¶ 10.  Further, the First Amended Complaint on its face claims damages for the breach of an obligation to loan at least $1,321,100.00 and up to as much as approximately $10,800,000, consequential damages based on

5

the breach, and punitive damages. *See id.* ¶¶ 10-11, 15; *William B. Tanner Co. v. Cameron Radio*, *Inc.*, 617 F.3d 169, 171-72 (8th Cir. 1980) (amount-in-controversy is amount failed to be paid). In addition, A/P has asserted to the state court that its damages are "devastating" and listed "at least $20,000,000 of its own funds" that it invested in the project. Mar. 17, 2010 Supplemental Reply in Support of Motion for Preliminary Injunction, pg. 11 (App., Vol. III, Ex. 55). If A/P were to prevail on its claims, LBHI would have no recourse for a debt that is approximately $60 million, and A/P would get to keep the property which is worth millions. Finally, A/P has already posted a bond in the amount of $100,000 in the state court; while LBHI believes that bond is unreasonably low (and, indeed, has moved to increase it), it is undeniable that the amount in controversy is at least $100,000. It is indisputable from the record that the amount in controversy here exceeds the $75,000 threshold for diversity jurisdiction set forth in 28 U.S.C. § 1332(a).

17.     The "complete diversity" requirement is easily satisfied here. Defendants are corporations and are therefore citizens of Utah (Woodlands) and Delaware and New York (LBHI). *See* First Am. Compl. (App., Vol. III, Ex. 81) ¶¶ 2-3; Declaration of Gary Murray ("Murray Decl.") (Exh. A hereto) ¶ 3. *See also* 28 U.S.C. § 1332(c)(1)(a) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

18.     A/P is not a citizen of Utah, New York, or Delaware, notwithstanding that A/P was organized under Delaware law. A/P is a limited liability company, not a corporation, and 28 U.S.C. § 1332(c)(1)(a) therefore does not apply. For purposes of applying § 1332(a), the citizenship of a limited liability company such as A/P is determined based on the citizenship of its members, and if those members are also limited liability companies, based on the citizenship of the members' members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We . . . join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

19.     A/P is wholly-owned by its sole member, another Delaware limited liability company, named Atrium Paradise, LLC. *See* Murray Decl. (Ex. A hereto) ¶ 4; Murray Decl. Ex.

A (organizational chart). Atrium Paradise, LLC, in turn, is owned by four members: (1) Atrium Manager, LLC, a Delaware limited liability corporation comprised of members Asia Pacific Capital Corporation, a California corporation with its principal place of business at Los Angeles, California, and Hyundai Property Management America, a California corporation with its principal place of business in Los Angeles, California; (2) Kwan Young Kim, an individual citizen of Korea; (3) True Friend, LLC, a Delaware limited liability company comprised of members Hyundai Property Management America, a California corporation with its principal place of business in Los Angeles, California, and Korean Investment Trust Management Company, a Korean corporation with its principal place of business in Korea; and (4) Pacific Real Estate Fund I, a mutual fund organized as a Cayman Islands unit trust managed and owned by its sole trustee Pacific Investment Management Company ("PIMCO"), a Cayman Islands corporation with its principal place of business in Newport Beach, California. Murray Decl.; Murray Decl. Exhs. A-E. *See also Johnson*, 437 F.3d at 899 ("A trust has the citizenship of its trustee or trustees."). None of the entities that own or are members of A/P or its owner or member LLCs is therefore a citizen of Delaware, New York, or Utah — the states of which LBHI and Woodlands are corporate citizens. For that reason, complete diversity between plaintiffs and defendants exists.

### **This Case Has Been Properly Removed**

20.    An action may be removed "within thirty days after the receipt by a defendant" of a copy of "the initial pleading setting forth the claim for relief" or "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

21.    The First Amended Complaint constitutes the "initial pleading" against Woodlands because it added Woodlands, for the first time, as a defendant to this lawsuit or, alternatively, constitutes an amended pleading that "opens a new window of removal" against a newly-added defendant under § 1446(b). *See Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 805 (5th Cir. 2006); *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005) (Easterbrook, J.) ("[A]n amendment to the pleadings that . . . adds a new defendant, opens a new window of

removal.") (citing 28 U.S.C. § 1446(b)).

22.   Woodlands first received the amended complaint on April 27, 2010, when A/P served Woodlands.  *See* Summons and Aff. of Service (App., Vol. IV, Ex. 86).  This event triggered the 30-day time period for removal.  28 U.S.C. § 1446(b).  Hence, this Notice of Removal filed on May 17, 2010 is timely.

23.   Even if the court were to ignore the date of Woodlands' actual receipt of the Amended Complaint, however, the earliest possible date the 30-day clock could have begun to run is April 20, 2010 — the date the state court filed its Order granting A/P's motion for leave to amend.  *See, e.g.*, *Freeman v. Blue Ridge Paper Prods., Inc.* 551 F.3d 405, 410 (6th Cir. 2008) (30-day window runs from date of order granting motion to amend complaint); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (Posner, C.J.) (same); *Torres v. Chevron U.S.A., Inc.*, No. C 04-2523 SBA, 2004 WL 2358274, at *2 (N.D. Cal. Oct. 18, 2004) (same); *Desmond v. Bankamerica Corp.*, 120 F. Supp. 2d 1201, 1304 (N.D. Cal. 2000) (same).  This Notice of Removal is filed less than 30 days after April 20, 2010, and would therefore be timely even if the Court were to deem that date the trigger for the 30-day period provided in § 1446(b).

24.   Defendants have complied with the procedural requirements of 28 U.S.C. § 1446(a) and perfected this removal by filing this notice of removal in the state court and by including, as the Exhibits in the Appendix accompanying this notice of removal, "a copy of all process pleadings and orders served upon . . . defendants in such action."  28 U.S.C. § 1446(a).

## Conclusions

25.   Without waiving any applicable objections to personal jurisdiction, venue, or service of process, and with full reservation of any available defenses, both LBHI and Woodlands join in and consent to this removal.

/ / /

/ / /

/ / /

26.     Woodlands and LBHI reserve the right to amend or supplement this notice of removal.

**WHEREFORE**, Defendants respectfully bring this action before the Court as an action properly removed as stated above.

DATED this 17th day of May, 2010.

BALLARD SPAHR LLP

By:   /s/ Jon T. Pearson
    Stanley W. Parry Esq. (Nev. Bar No. 1417)
    Jon T. Pearson, Esq. (Nev. Bar. No. 10182)
    100 North City Parkway, Suite 1750
    Las Vegas, Nevada  89106-4617

And

    Jon Bernhardt, Esq.*
    1225 17th Street, Suite 2300
    Denver, Colorado 80202

And

    John D. Holden, Esq.*
    WINDELS MARX LANE & MITTENDORF, LLP
    156 West 56th Street
    New York, New York 10019

*Attorneys for Defendant/Counterclaimant Lehman Brothers Holdings Inc.*

*   Each Will Comply With LR IA 10-2 Within 21-days

MCDONALD CARANO WILSON LLP

By:   /s/ Andrew Gordon
    Andrew Gordon, Esq. (Nev. Bar No. 3421)
    2300 West Sahara, Suite 1000
    Las Vegas, Nevada 89102

And

    Michael A. Johnson, Esq.*
    ARNOLD & PORTER LLP
    555 Twelfth Street, N.W.
    Washington, D.C. 20004-1206

*Attorneys for Defendant Woodlands Commercial Bank*