# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| A/P HOTEL, LLC, | |
| Plaintiff(s), | Case No. 2:10-cv-0720-RLH-RJJ |
| vs. | **O R D E R** |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.,* | (Motion for Reconsideration–#5-12) |
| Defendant(s). | |
| AND ALL RELATED CLAIMS | |

Before the Court is Defendant/Counterclaimant Lehman Brothers Holdings Inc.'s **Motion for Reconsideration, or Alternatively, Motion to Increase Bond** (identified as Document 5-12, but more accurately identified as Exhibit 40, in Document 3) filed in the Clark County District Court on May 17, 2010, and in this Court on May 17, 2010, as part of Lehman Brothers' petition for removal. Opposition (#26) was filed in this Court by Plaintiff/Counterdefendant A/P Hotel, LLC. Lehman Brothers' Reply (#30) was filed thereafter.

The existence of these documents was not realized by the Court until later. The Court takes the responsibility for the delay in resolving this motion, caused by the press of filings in the Court.

## BACKGROUND

This case arises out of a failed commercial construction project and attempted foreclosure on the property. Both sides accuse the other of defaulting on the contract. The lawsuit

was brought by Plaintiff/Counterclaimant to seek injunctive relief against Lehman Brothers' threatened foreclosure. In the Clark County District Court, A/P Hotel was successful in getting a preliminary injunction with the court there requiring a $100,000 bond. Lehman Brothers was successful in getting a receiver appointed who took control of the project and the property.

Lehman Brothers now seeks an increase in the bond from the $100,000, set by the Clark County District Judge, to $1,500,000. Lehman Brothers styles its motion as a motion for reconsideration, or, alternatively, as a motion to increase the bond.

## DISCUSSION

Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

The foregoing is complicated by the fact that Lehman Brothers, after filing the motion, removed the case to the federal court. Thus, it asks this Court to reconsider the decision of

1  the judge in the state court who, before rendering his decision, held hearings on the original motion
2  for a preliminary injunction.  It asks the federal District Court to tell the county District Court that it
3  got it wrong.  It sounds suspiciously like an appeal and this Court does not sit as an appeals court for
4  state court decisions.

5           In addition, there are no arguments or evidence presented in this motion that were
6  not, or could not have been, presented to the state court.  Lehman Brothers complains that critical
7  issues were not addressed until A/P Hotel filed its reply.  That lament ignores the fact that the judge
8  in the state court held hearings on the issue of a preliminary injunction which should have provided
9  any necessary opportunity to address the very issues raised here.

10          This motion is a clear attempt to give an unhappy litigant an additional chance to
11 sway the judge by rehashing old arguments.  There is no *clear* error shown on the part of the prior
12 judge.  This Court finds no reason to reconsider his decision or to modify it.

13          IT IS THEREFORE ORDERED that Defendant/Counterclaimant Lehman Brothers
14 Holdings Inc.'s **Motion for Reconsideration, or Alternatively, Motion to Increase Bond**
15 (identified as Document 5-12, but more accurately identified as Exhibit 40, in Document 3) is
16 DENIED.

17          Dated: December 8, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**