1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

# DISTRICT OF NEVADA

7

* * *

8  A/P HOTEL, LLC,                    )
                                      )
9          Plaintiff(s),              )        Case No. 2:10-cv-0720-RLH-RJJ
                                      )
10     vs.                            )        **O R D E R**
                                      )        (Motion to Dismiss–#25)
11  LEHMAN BROTHERS HOLDINGS,         )
    INC. *et al.,*                    )
12                                    )
           Defendant(s).              )
13  _____)
                                      )
14  AND ALL RELATED CLAIMS            )
    _____)
15

16         Before the Court is Defendant Woodlands Commercial Bank's **Motion to Dismiss**

17  (#25, filed June 14, 2010). Plaintiff A/P Hotel, LLC filed an Opposition (#38) and Woodlands filed

18  a Reply (#42).  Woodlands contends that A/P Hotel fails to state a claim upon which relief can be

19  granted.  Fed. R. Civ. P. 12(b)(6)   After consideration of the moving papers, the motion will be

20  granted.

21         In this case, arising as it does out of a commercial development project gone bad, and

22  with the Defendant Lehman Brothers Holdings, Inc., the lender on the project, having filed

23  bankruptcy, it appears that Plaintiff A/P Hotel is attempting to find a deeper pocket.  Unfortunately,

24  it appears that A/P Hotel is attempting to make lemonade out of a lemon, but only has a prune as it

25  relates to its claim against Woodlands.

26  */ / / /*

1

1     To begin with, A/P Hotel not only ignores current law on the standard for a Rule

2  12(b)(6) motion, it attempts to persuade the Court to disregard it, citing cases decided in the 1960s,

3  80s and 90s, but disregarding very recent pronouncements by the United States Supreme Court.

4                                  STANDARD OF REVIEW

5     A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

6  relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

7  and plain statement of the claim showing that the pleader is entitled to relief."  While a pleading

8  generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to

9  relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007).  A

10 complaint does not allege sufficient facts to raise a right to relief above the speculative level if it

11 contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a

12 cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain,* 478

13 U.S. 265, 286 (1986)).  Instead, in order to survive a motion to dismiss, a complaint must contain

14 sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. At

15 1949 (internal citations omitted).

16     In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district

17 courts to apply when considering motions to dismiss.  First, the court must accept as true all factual

18 allegations in the complaint. *Id.* at 1950.  A court does not, however, assume the truth of legal

19 conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950;

20 *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  Mere recitals of the

21 elements of a cause of action, supported only by conclusory statements also do not suffice. *Iqbal*,

22 129 S. Ct. at 1949.  Second, the court must consider whether the factual allegations in the complaint

23 allege a plausible claim for relief. *Id*. at 1950.  "A claim has facial plausibility when the plaintiff

24 pleads factual content that allows the court to draw a reasonable inference that the defendant is

25 liable for the alleged misconduct." *Id.* at 1949.  Thus, where the complaint does not permit the

26 court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not

1    shown—that the pleader is entitled to relief." *Id.* (Internal quotation marks omitted).  When the

2    claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint

3    must be dismissed.  *Twombly*, 550 U.S. at 570.

4         The Court also notes the well-established rule that *pro se* complaints are subject to

5    "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally

6    construed."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

7         Moreover, a plaintiff can "plead himself out of a claim" by including factual

8    allegations contrary to the factual elements of his claims or contradicted by documents referred to in

9    the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Soo Line R.R.

10   v. St. Louis Southwestern Ry., Co.,* 125 F.3d 481, 483 (7th Cir. 1997) ("A plaintiff can plead himself

11   out of court by alleging facts which show that he has no claim, even though he was not required to

12   allege those facts.").  Indeed, a plaintiff can plead himself out of a claim by attaching to his

13   complaint documents that negate any purported cause of action.  *Steckman v. Hart Brewing, Inc.*,

14   143 F.3d 1293, 1295-96 ( 9th Cir. 1998) ("[W]e are not required to accept as true conclusory

15   allegations which are contradicted by documents referred to in the complaint.").

16                                                    DISCUSSION

17        In this case, A/P Hotel has attached documents to its Amended Complaint (which

18   brought Woodlands into this action) which totally refute its allegations against Woodlands.  Those

19   documents clearly establish that as a matter of law, Woodlands has no legal relationship with, and

20   owes no legal duty to, A/P Hotel.

21        A/P Hotel is the developer of commercial property in Las Vegas, Nevada.  Lehman

22   Brothers is the lender which financed the development.  Woodlands lent money to Lehman Brothers

23   to enable it to finance the project for A/P Hotel and thus has a participation interest to the extent it

24   had the right to recover from Lehman Brothers moneys which Lehman Brothers received from A/P

25   Hotel in repayment of the loan.  There is no contract or relationship between A/P Hotel and

26   Woodlands.

                                                          3

1    A/P Hotel claims that Woodlands had some unspecified interest in Lehman Brothers'

2    rights in the loan documents between A/P Hotel and Lehman Brothers, and/or that Woodlands acted

3    as Lehman Brothers' agent.  The documents directly and clearly contradict that allegation.  A/P

4    Hotel further claims that Woodlands failed to disclose its participation interest with Lehman

5    Brothers.  First, Woodlands had no duty disclose to A/P Hotel its participation interest.  Second, the

6    documents A/P Hotel attaches to its Amended Complaint clearly show that Woodlands had no

7    control over the loan contract in question and was forbidden from acting as Lehman Brothers agent.

8    Under the express terms of the contracts A/P Hotel proffered to the Court, Wood-

9    lands has no obligation to A/P Hotel, it has no right to enforce any of A/P Hotel's obligations, or

10   any role in any foreclosure in the hotel property.  Woodlands has no right to direct the decision to

11   disburse or not to disburse funds in response to any request for a draw from A/P Hotel.  Woodlands

12   is not A/P Hotel's lender and not in privity of contract with A/P Hotel.

13   The Loan Agreement attached to the Amended Complaint is between A/P Hotel and

14   Lehman Brothers, not Woodlands.  That Agreement makes no mention of or reference to Wood-

15   lands, and imposes no obligations on Woodlands.  In fact, the Agreement has a "No Third Party

16   Beneficiaries" clause which precludes anyone other than the parties from enforcing the Agreement

17   or any related loan documents.

18   The only parties to the Deed of Trust are A/P Hotel and Lehman Brothers–not

19   Woodlands.  The security interest established by the Deed of Trust is granted only to Lehman

20   Brothers, the lender, and the rights of foreclosure are only vested in the lender, Lehman

21   Brothers–not Woodlands.

22   The Revised Master Participation Agreement in which Woodlands agreed to

23   purchase certain participation interests in loans and commitments that Lehman Brothers made to

24   various borrowers, makes no mention of A/P Hotel and A/P Hotel did not execute it.  It specifically

25   provides that "[a]ll rights and remedies under or relating to the Loan Documents, at law, or in equity

26   shall be exercised solely by Seller [*i.e.,* Lehman Brothers]."  Amended Complaint Exhibit 10 at

4

paragraph 4.  Moreover, it states that Woodlands shall have no right or authority to exercise such rights and remedies.  *Id*.  It also provides that Lehman Brothers has the sole discretion, and without notice, to amend, modify, or terminate any of the loan documents or to waive their terms without authorization from Woodlands.  Finally, it provides that upon default Lehman Brothers has the sole right to pursue all rights and remedies and that the document does not constitute a formal assignment of the Loan Agreement to Woodlands.

Notwithstanding some of A/P Hotel's allegations, the documents and other allegations demonstrate that A/P Hotel and Woodlands had no direct dealings with each other and have no legal relationship, duty or obligations to each other.  It is well-settled law that a third party, who provides funds to a lender who utilizes the funds to make loans to a borrower, has no obligations to the borrower.  The only obligations or duties of the third party are to the lender, not to the lender's borrower.

Almost conceding that Woodlands had no authority to foreclose, and thus injunctive relief would provide no benefit, A/P Hotel argues that it would also do no harm, so an injunction should issue.  That argument does not even merit a response.  Furthermore, there is no basis for contract or breach of good-faith claims because there was no contract between A/P Hotel and Woodlands.  Without any duty to A/P Hotel, its claims from fraudulent concealment by Woodlands is also without merit.  No *facts* have been alleged that the failure to disclose the participation agreement was based on an intention to defraud A/P Hotel, or with an evil intent.  A/P Hotel's argument that it would not have borrowed the money from Lehman Brothers if it had known it was using Woodlands to help finance the loan is ludicrous.  There is no evidence that the financial stability of Woodlands was ever in question.  Lehman Brothers was the one who filed bankruptcy.  There is nothing presented to suggest that A/P Hotel had any interest in the source of the funds until the present self-serving effort to try to raise a non-issue.

/ / / /

/ / / /

5

1      IT IS THEREFORE ORDERED that Defendant Woodlands Commercial Bank's

2   **Motion to Dismiss** (#25) is GRANTED.

3      Dated: December 8, 2010.

4

5   _____

6   **Roger L. Hunt**
    **Chief United States District Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6