GORDON SILVER
ERIC R. OLSEN
Nevada Bar No. 3127
Email: eolsen@gordonsilver.com
JOHN H. GUTKE
Nevada Bar No. 10062
Email: jgutke@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
*Attorneys for Plaintiff/Counterdefendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| A/P HOTEL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation; WOODLANDS COMMERCIAL BANK, a Utah corporation; and DOES I - X, inclusive,<br><br>Defendants. | CASE NO. 10-cv-00720-RLH-GWF<br><br>**STIPULATION AND ORDER TO TERMINATE RECEIVERSHIP AND DISCHARGE RECEIVER** |
| LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>A/P HOTEL, LLC a Delaware limited liability company, DOES I-X; and ROE COMPANIES XI-XX, inclusive,<br><br>Counterdefendant. | |

This action originated in State Court, wherein an Order Appointing Receiver was entered on or about December 16, 2009. The case was removed to this Court on May 17, 2010. The Parties have now reached a global resolution of all the claims brought in this action. In light of this pending resolution, the Parties stipulate and agree that there is no further need for the services of the Receiver.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102241-001/1241800

1 of 4

Therefore, the Parties, through their respective attorneys, STIPULATE to the entry of an order approving (1) All Prior and Final Reports of Receiver; (2) Receiver's Final Accounting; (3) Petition for Immediate Discharge of Receiver; (4) Final Application of Receiver and Anthony A. Zmaila Limited PLLC for Allowance of Attorneys' Fees and Reimbursement of Expenses for the Final Application Period.

The Parties further STIPULATE

(1)   That the Receiver complied in all respects with this Court's Order Appointing Receiver.

(2)   That the Parties have no objections to the Receiver's Final Accounting.

(3)   That the Receiver's Final Accounting complies in all respects with this Court's Order Appointing Receiver.

(4)   That the Receiver's requested compensation, for all prior periods and the Final Period, is reasonable and appropriate, and the expenses are necessary for the administration of the receivership estate.

(5)   That Anthony A. Zmaila Limited PLLC's ("Zmaila Firm") requested compensation, for all prior periods and the Final Period, is reasonable and the expenses are necessary for the administration of the receivership estate.

(6)   That the receivership shall be immediately terminated and the Receiver shall be immediately discharged of his duties by this Court.

(7)   That within two (2) business days after the entry of this Stipulation and Order discharging the Receiver of his duties as receiver in this Action, the Receiver shall deliver to LV Opportunity Fund, LLC, through its counsel, the balance of any funds held by the Receiver in his capacity as receiver in this Action.

GOOD CAUSE APPEARING, the Court hereby ORDERS:

A.   The Court adopts as its findings of fact Paragraphs (1) through (7) of the Stipulation.

B.   The Court approves and accepts all of Receiver's previously filed reports (Report 1 through 12).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102241-001/1241800

C. The Court approves and accepts the Receiver's Final Report attached as Exhibit A to the Stipulation.

D. The Court approves and accepts the Receiver's Final Accounting attached as Exhibit A-1 to the Receiver's Final Report.

E. The Joint Final Application of Receiver and Anthony A. Zmaila Limited PLLC for Allowance of Attorneys' Fees and Reimbursement of Expenses for the Final Period is granted in its entirety.

F. The Receiver's request for $15,000.00 in fees and $400.00 in costs for the Final Period, for a total award of $15,400.00 is granted.

G. The Zmaila Firm's request for $5,028.18 in fees and $0 in costs for the Final Period, for a total award of $5,028.18, is granted.

H. The Receiver shall immediately pay the sums due and owing the Receiver and his counsel from receivership funds presently available. If there are any remaining receivership funds after payment is made, the Receiver shall disburse those funds per Paragraph 7 above.

I. The Receiver is otherwise discharged from his duties and obligations under the Order Appointing Receiver entered on April 5, 2010.

J. The Receiver shall turn over the property located at 4255 Paradise Rd., Las Vegas, NV to Plaintiff.

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102241-001/1241800

3 of 4

K.   The Court retains jurisdiction of this matter for purposes of enforcing this Order.

| | |
|---|---|
| Dated this 20th day of June, 2011. | Dated this 20th day of June, 2011 |
| GORDON SILVER | BALLARD SPAHR LLP |
| | |
| /s/ Eric R. Olsen | /s/ Jon Bernhardt |
| Eric R. Olsen, Esq. | Jon Bernhardt, Esq. (*pro hoc vice*) |
| John H. Gutke, Esq. | Jon T. Pearson, Esq. |
| 3960 Howard Hughes Pkwy, 9th Fl. | 100 North City Parkway, Suite 1750 |
| Las Vegas, NV 89169 | Las Vegas, NV 89106 |
| *Attorneys for Plaintiff/Counterdefendant* | *Attorneys for Defendant/Counterclaimant* |
| *A/P Hotel, LLC* | *Lehman Brothers Holdings Inc.* |

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT     JUDGE

DATED: _____June 21, 2011_____

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102241-001/1241800

4 of 4

# EXHIBIT "A"

# EXHIBIT "A"

A/P Hotel vs. Lehman Bros. Holdings Inc.
and related actions

Case No. 2:10-cv-00720-RLH-RJJ

**RECEIVER'S THIRTEENTH AND FINAL REPORT REGARDING THE PROPERTY
(FORMERLY KNOWN AS THE ATRIUM SUITES HOTEL)**

June 17, 2011

To: The Honorable Roger L. Hunt, United States District Judge
The Parties and their Counsel

In accordance with the Order Appointing Receiver, entered on December 16, 2009, this report covers the time period following Receiver's Twelfth Report, filed on May 3, 2011. This Thirteenth Report covers the period April 24, 2011 through June 17, 2011 ("Reporting Period").

I. **RECEIVER'S INITIATIVES AND ACTIVITIES:**

A. Receiver and Counsel were informed, and received the filed documents regarding the pending settlement over thirty (30) days ago. They are coordinating the termination of the Receivership and discharge of Receiver with the Parties and their Counsel.

B. Receiver includes with the Thirteenth Report a Final Accounting (Attachment A-1) of all income and expenses for the entire Receivership period (December 16, 2009 through June 17, 2011).

C. The Receivership property and premises is in a clean, presentable and stabilized condition. Full 24/7 security and routine maintenance operations continue on the interior and exterior of the premises. Receiver inspects the property regularly, monitors the service vendors, operational expenses. He is preparing the building and grounds for the seasonal temperature increases.

D. The property's appearance and condition has improved substantially since the fourth quarter of 2009, specifically since December 16, 2009, when the Receiver commenced the duties under the Appointment Order. Noted improvements have been made in terms of overall appearance, surface cleanliness, organization of stored materials, and removal of interior dust and debris.

E. Vegas Valley Fire Protection (VVFP), a licensed, insured contractor, commenced the Clark County Fire Dept. required fire protection contract for quarterly and annual inspections effective April 2011 through April 2012. A Clark County Fire Dept. Inspector, Ms. Julia Staples, contacted the Receiver on May 10, 2011 inquiring as to the status of the property, seeking verification of the contract with VVFP. Ms. Staples stated that a Fire Prevention Inspection would be scheduled.

Page | 1

F.   On May 19, 2011 maintenance personnel noticed a dripping pipeline leak in the fire riser room. VVFP has been contacted and will complete troubleshooting efforts by Monday, May 23, 2011 and repair options will be considered.

G.   A plan to improve the exterior lighting on the west side of the property is underway. The power supply to the parking lot lights in that location has been damaged, and the expense to restore is prohibitive per an estimate from SpecElectric, a licensed electrical installation contractor.

H.   Scheduled cleaning and maintenance continues throughout the property, and all elements of the property are in manageable condition. High velocity winds and heavy rains normally cause minor damage to the exterior elements, and debris collects on the sub-roofs, landscape planters, and in parking area.

I.   As reported previously, the Property tax payment due on March 7, 2011 was paid by Receiver to the Clark County Treasurer on February 23, 2011.

J.   RECOMMENDATION: In anticipating that the actual "Settlement Date" will be Tuesday May 24, 2011, Receiver and his Counsel have been assisting the Parties and Counsel with information, and plan to provide transitional cooperation. Receiver strongly recommends that a reasonable transition period be allowed after the Settlement Date to arrange for, and transfer:

   1.   utility accounts to ownership entity,
   2.   the security contract
   3.   elevator service and maintenance agreement
   4.   fire protection and inspection services
   5.   all other vendors that perform periodic services.

It is further recommended that a portion of the remaining funds (approximately $87,000) be set aside for certain expenses, and for Receiver's fees and staff costs to complete the transition to the future controlling entity.

II.   **CHANGES TO THE ASSET UNDER RECEIVER:**

A.   Scheduled routine maintenance continues. Actions are taken as necessary to prevent loss and damage to the building components and the exterior premises. Receiver is working to determine an exterior lighting solution for the back of the property. Since the Hard Rock Hotel's (HRH) construction yard operations have ceased, there is no HRH Security presence for equipment and stored materials, and pedestrians cut through the area when going to and from a nearby convenience store. Exterior lighting would deter entry over the perimeter wall.

B.   As of May 1, 2011, Receiver gave adequate notice and terminated the services of landscape contractor, Showcase Landcare. Upon final payment a standard lien release was obtained. Receiver's Manpower, Inc.-employed interior maintenance personnel have since been, and will continue to maintain, the on-site plant material in addition to keeping the grounds and parking area free from trash and wind-blown debris.

  C. HVAC contractor will assist Receiver in the resumption of fan ventilation, and limited air conditioning, to the interior of the property. All thermostats will be regulated by the security supervisor and Receiver maintenance staff.

  D. In connection with the proposed settlement of the litigation, Receiver and Counsel assisted principals of the parties to arrange site visits and contacts with local contractors.

### III. LEGAL MATTERS AND COUNSEL

  A. Receiver's Counsel assisted Receiver with the following legal and related matters:

    1. Reviewing and reporting to Receiver on papers filed with the Court.

    2. Maintaining contact with counsel for the Parties regarding pending matters.

    3. Assisting Receiving with preparation and filing of Receiver's Reports.

    4. Assisting Receiver with preparation for transition.

### IV. RECEIVER FEES FOR THE REPORTING PERIOD

  A. Receiver requests $5,000 for 4/17/11 – 5/16/11, including staff costs, which does not exceed the amount set out in Exhibit I of the Amended Order Appointing Receiver.

  B. Receiver requests $5,000 for 5/17/11 – 6/16/11, including staff costs, which does not exceed the amount set out in Exhibit I of the Amended Order Appointing Receiver

  C. Receiver requests staff costs of $400 for the expedited preparation of the final accounting, including the review of all documentation, funding requests, revised budgets, invoices, and payment records.

  D. For the Reporting Period, the fees and expenses of the Zmaila Firm should not exceed $4,000.

Respectfully submitted,

_____
Michael L. Forche - Receiver

# EXHIBIT "A-1"

# EXHIBIT "A-1"

A/P Hotel vs. Lehman Bros. Holdings Inc.
Case No. 2:10-cv-00720-RLH-RJJ

Income and Expense Statement
For the period of December 16, 2009 through June 17, 2011

**Income**

| | |
|---|---:|
| Lehman Funding | 671,339.00 |
| **Total Income** | **671,339.00** |

**Operating Expenses ***

| | |
|---|---:|
| Alarm Monitoring | 1,040.00 |
| Fire Alarm Monitoring / Inspections/ Repair & Maintenance | 27,208.45 |
| Security | 185,495.00 |
| Utilities: Power ** | 42,215.41 |
| Utilities: Telephone | 304.75 |
| Utilities: Trash | 540.00 |
| Utilities: Water | 18,892.19 |
| Insurance | 41,866.00 |
| Property Taxes | 62,794.62 |
| Temporary Fence Rental | 2,280.50 |
| Landscaping | 15,613.00 |
| Remediation (Environmental report and treatment) | 20,705.00 |
| Interior & Exterior Maintenance & Cleaning | 27,398.25 |
| Repairs & Maintenance | 30,539.89 |
| Receiver Fees & Staff Costs | 80,400.00 |
| Receiver's Counsel Legal Fees | 28,309.98 |
| Bank Fees | 199.00 |
| **Total Expenses** | **585,802.04** |
| **Net Income (Loss)** | **85,536.96** |

\* Expenses details can be provided upon request.

\*\* Receiver's account with NV Energy has a credit balance of $15,286.98 as of 6/17/11

A/P Hotel vs. Lehman Bros. Holdings Inc.
Case No. 2:10-cv-00720-RLH-RJJ

Income and Expense Statement
For the period of December 16, 2009 through June 17, 2011

**Pending Expenses as of June 17, 2011**

| | Due Date | Amount |
|---|---|---:|
| Receiver Fee 3/17/11 - 4/16/11 | | 5,000.00 |
| Receiver Fee 4/17/11 - 5/16/11 | | 5,000.00 |
| Receiver Fee 5/17/11 - 6/16/11 | | 5,000.00 |
| Receiver Staff Costs (Final Accounting) | | 400.00 |
| Receiver's Counsel Legal Fees 3/17/11 - 6/17/11 | | 5,208.18 |
| Morrison Security #15409 | | 2,197.00 |
| Morrison Security #15446 | | 2,353.00 |
| Century Link | 06/15/11 | 36.10 |
| Republic Services #0620-002696154 | 06/20/11 | 360.00 |
| Alarmco Inc. #618580A | 06/15/11 | 65.00 |
| Thyssenkrupp Elevator #896909 | 06/01/11 | 475.20 |
| Vegas Valley Fire Protection #70145-1 | 06/25/11 | 325.00 |
| Vegas Valley Fire Protection #70135-1 | 06/23/11 | 200.00 |
| Manpower Temp Services #233071281 | 05/25/11 | 2,592.02 |
| Tiberti Fence Co. #92303R | 06/22/11 | 327.00 |
| NV Energy | | 1,582.07 |
| Reserve for Anticipated Operating Expenses*** through the Discharge Date | | 15,000.00 |
| **Total Pending Expenses** | | **46,120.57** |

*** Anticipated operating expenses are estimated for two weeks of operation based on past billing information for incurred expenses such as: security, utilities, and maintenance.